NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

JOHN BARRY, JR.,

    Plaintiff,

v.

JOHN KOSKINEN, *et al.*,

    Defendants.

Case No. 3:18-cv-14276-BRM

**OPINION**

---

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are: (1) a joint motion by Petitioner the United States of America (the "United States") and Defendants John Koskinen, Steven Terner Mnuchin, Elba Y. Porratadoria, and Mary Ann Acone ("Present Defendants") (collectively "Defendants") for the United States to Intervene and Dismiss Plaintiff John Barry's ("Barry") Complaint (ECF No. 11); (2) Barry's Motion for Default Judgment (ECF No. 9); and (3) Barry's "Motion to Claim and Exercise Constitutionally Secured Rights and Require the Presiding Judge to Rule Upon this Motion and Compel all Public Officers of this Court to Uphold Said Rights Pursuant to Their Oaths to the Constitution of the United States of America" (ECF No. 14). All motions are opposed. Having reviewed the parties' submissions filed in connection with the motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, the United States' Motion to Intervene is **GRANTED**, Defendants' Motion to Dismiss is **GRANTED**, and all other motions are **DENIED** as **MOOT**.

**I.     BACKGROUND**

For the purposes of the Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Barry. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Further, the Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Barry filed this action alleging that tax collection efforts made by the Commissioner of the IRS, the Treasury Inspector General for Tax Administration, an IRS Revenue Officer, and an IRS Territory Manager violated his rights. (*See* Pet. for Great Writ of Mandamus (ECF No. 1).) The Complaint takes issue with correspondences sent to him by the IRS, assessments conducted, and taxes collected. Specifically, the facts alleged in the Complaint list a variety of tax collection efforts, such as notices of tax due on federal tax returns, notices of levy, notices of jeopardy levy and rights to appeal, notices of federal tax liens, garnishment orders, notices of penalty charge, notices of intent to levy, which Barry alleges were unconstitutional because he never received the "oaths, qualifications and bonds of all agents, alleging to work from the Government." (*Id.* ¶¶ 1-11, 21.)

On January 9, 2018, Barry received a "Target Letter" from the Department of Justice regarding an investigation of conspiracy to defraud the government, presenting false claims, and aiding and assisting preparation for presentation of false tax documents. (*Id.* ¶ 12.) On February 10, 2018, Barry attended a "Reversed Proffer" hearing where he was offered reduced charges if he cooperated with the proffer plea. (*Id.* ¶ 13.) At that time, he requested additional time to understand his rights, which was denied. Therefore, he declined the offer. (*Id.*)

On February 15, 2018, Barry filed a FOIA request requesting "oaths, qualifications and bonds of all agents, alleging to work for the Government making false claims against [him]." (*Id.* ¶¶ 14, 21-23.) On May 24, 2018, Barry "filed a petition in the United States Tax Court stating that a notice of deficiency or a notice of determination was not received from 2000 through 2017 tax years." (*Id.* ¶ 15.) On July 13, 2018, the Commissioner of IRS filed a motion to dismiss Barry's petition for lack of jurisdiction upon the ground that no statutory notice of deficiency, which was granted on July 23, 2018. (*Id.* ¶¶ 17-18.) On August 24, 2018, Barry's FOIA request was denied. (*Id.* ¶ 19.)

On September 24, 2018, Barry filed a Petition for Great Writ of Mandamus before this Court seeking: oaths, qualifications, and bonds of several IRS employees; an order removing all liens, levies, and garnishments; order to return all funds garnished, an injunction barring further collection, damages, and investigation, and an order to have the IRS respond to his FOIA request. (*See* ECF No. 1.) On February 14, 2019, Barry filed a Motion for Default Judgment as to the Present Defendants. (ECF No. 9.) The Present Defendants opposed the Motion on March 4, 2019. (ECF No. 11.) On that same date, the United States filed a Motion to Intervene and, along with the Present Defendants, moved to dismiss. (ECF No. 11.) Barry filed an opposition on March 12, 2019. (ECF No. 13.) On March 15, 2019, Barry field a "Motion to Claim and Exercise Constitutionally Secured Rights and Require the Presiding Judge to Rule Upon this Motion and Compel all Public Officers of this Court to Uphold Said Rights Pursuant to Their Oaths to the Constitution if the United States of America." (ECF No. 14.) In lieu of a response, Defendants field a statement: "No responsive brief is necessary because the Motion does not seek relief as against any of the defendants. Rather, it is directed towards, and seeks relief from 'the presiding judge . . . and . . . all public officers of this court.'" (ECF No. 16.) This Opinion follows.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) mandates the dismissal of a case for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). An assertion of Eleventh Amendment immunity is a challenge to a district court's subject-matter jurisdiction. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) ("[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction.") (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)). Typically, when jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuading the court that subject-matter jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). However, because "Eleventh Amendment immunity can be expressly waived by a party, or forfeited through non-assertion, it does not implicate federal subject matter jurisdiction in the ordinary sense," and therefore, a party asserting Eleventh Amendment immunity bears the burden of proving its applicability. *Christy v. Pa. Turnpike Comm.*, 54 F.3d 1140, 1144 (3d Cir. 1994); *see also Carter v. City of Phila.*, 181 F.3d 339, 347 (3d Cir. 1999).

When evaluating a Rule 12(b)(1) motion to dismiss, a court must first determine whether the motion attacks the complaint as deficient on its face, or whether the motion attacks the existence of subject-matter jurisdiction in fact, apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). If the motion consists of a facial attack, the court "must accept the complaint's allegations as true," *Turicentro v. Am. Airlines*, 303 F.3d 293, 300 n.4 (3d Cir. 2002), and "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff," *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen*, 549 F.2d. at 891).

However, if the motion involves a factual attack, "the court may consider evidence outside the pleadings." *Gould*, 220 F.3d at 176 (citing *Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997)). Here, the Motion to Dismiss is a facial attack, because Defendants contend they are immune from Barry's claims as pled. Therefore, on this question of immunity, the Court's review is limited to the allegations in the Complaint, which the Court must accept as true and view in the light most favorable to Barry.

### B. Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more

than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While as a general rule, a court many not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant under Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.,* 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "'document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d at 1426.

## III. DECISION

### A. Motion to Intervene

The United States argues it should be permitted to intervene pursuant to either Federal Rule of Civil Procedure 24(a)(2), 24(b)(1)(B), or 24(b)(2). (ECF No. 11-1 at 2.) Barry argues the United States already intervened in the United States Tax Court and had the opportunity to protect and present its interests. (ECF No. 13 at 2.)

The Court concludes intervention by the United States is proper under multiple prongs of Federal Rule of Civil Procedure 24. Because the Court has found that the United States meets the requirements of Rule 24(a)(2), it is not necessary to reach the question under Rule 24(b). However, the Court notes that permissive intervention is a discretionary decision that involves practical considerations. Here, the requirements of permissive intervention are also clearly met.

Rule 24(a)(2) governs intervention of right, and provides that the Court

> must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). A litigant seeking intervention as of right must establish the following:

> (1) a timely application for leave to intervene; (2) a sufficient interest in the underlying litigation; (3) a threat that the interest will be impaired or affected by the disposition of the underlying action; and (4) that the existing parties to the action do not adequately represent the prospective intervenor's interests.

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (citing *Kleissler v. United States Forest Service*, 157 F.3d 964, 969 (3d Cir. 1998)). Having considered these factors, the Court finds that intervention by the United States under Rule 24(a)(2) is appropriate here.

The application is timely. This case was filed on September 24, 2018, however, the Present Defendants have yet to be properly served. Barry field this suit against four individuals in their official and personal capacities, regarding acts or omissions that occurred in connection with duties performed on the United States' behalf. (*See* ECF No. 1.) Therefore, Barry was required by Federal Rule of Civil Procedure 4(i)(3) to serve the United States, and the officer or employee pursuant to Rule 4(e). To serve the United States, Barry was required to deliver a copy of the summons to the United States Attorney for the district where the action was brought; to the Attorney General in

Washington, D.C.; and, if the action challenges an order of an agency, to the agency. Fed. R. Civ. P. 4(i)(1). Barry did not deliver any summonses to the United States Attorney, the Attorney General, the IRS, or Department of Treasury. Consequently, Barry has yet to properly serve the Present Defendants as set forth in Rule 4(i)(3). Not only is this case still in the early stages, but also Barry does not argue that the motion is not timely. Accordingly, there will be no undue prejudice to the parties if the United States' Motion to intervene is granted.

The United States has a substantial interest in this litigation that will be impaired or affected by disposition of this action. The United States has a "protectable interest . . . in preserving the system that Congress has set up for collecting taxes." *Alturas Indian Rancheria v. California Gambling Control Comm'n*, No. S-11-2070, 2011 WL 5118974, at *2 (E.D. Cal. Oct. 27, 2011). That system is articulated in the Anti-Injunction Act, requiring taxpayers to pay first and litigate their claims later. *Id.* Here, Barry seeks an order ceasing further tax collection and barring further investigation of him relating to taxes. The United States clearly has an interest in a suit seeking to bar it from collecting taxes. The Court finds there is a relationship between Barry's claims and a significant protectable interest of the United States.

The disposition of this action may impair or impede the United States' ability to protect its interest. If the Court were to grant Barry's Petition for Great Writ of Mandamus, requesting injunctive relief, the United States would be unable to collect taxes or investigate him. Lastly, contrary to Barry's contentions, the United States interests are not adequately represented by any of the Present Defendants because the United States possesses additional defenses not available to them, including sovereign immunity, which is addressed in more detail below. Accordingly, the United States' Motion to Intervene is **GRANTED**.

### B. Motion to Dismiss

#### 1. Oaths, Qualifications, and Bonds Claim

Defendants argue this claim should be dismissed for two reasons. First, the United States argues all claims against it are barred by sovereign immunity. (ECF No. 11-1 at 4-5.) Second, Defendants argue this claim should be denied for failure to state a claim. (*Id.* at 5.) In his opposition, Barry does not address any of Defendants' legal points. Instead, he merely reiterates his demand for the "oaths, qualifications and bonds of all parties involved," and contends that the prior Tax Court decision affects this case. (ECF No. 15 ¶ 6-8.)

The United States, as a sovereign, is immune from suit unless it has consented to be sued. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Because sovereign immunity is jurisdictional in nature, a court does not have jurisdiction over matters brought against the United States unless immunity has been waived. *Id.* Only Congress can waive this immunity, and such waiver must be explicit. *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999). Consent to suit "must be unequivocally expressed" in statutory text and cannot be implied. *White–Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010).

The United States has waived its sovereign immunity under 26 U.S.C. § 7433(a), but its waiver is limited to actions seeking damages in connection with any collection of tax that involves the reckless, intentional, or negligent disregard of any provision or regulation under the Internal Revenue Code:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

This waiver is explicitly limited to damages against the United States for injuries caused by the wrongful collection of federal taxes. *Bullock v. I.R.S.*, 602 F. App'x 58, 60 (3d Cir. 2015) (stating "pursuant to 26 U.S.C. § 7433, a taxpayer may sue the United States to challenge the 'collection of Federal tax'"). This limited waiver must be read narrowly and is subject to further limitations. *Id.* at 60-61; *Slutter v. United States*, No. 11-1161, 2012 WL 5960837, at *4 (E.D. Pa. Nov. 29, 2012).

Here, Barry is asking the Court to order that Defendants produce "oaths, qualifications and bonds" of the Commissioner of the IRS, Treasury Inspector General, and two IRS employees. Barry fails to point to, and the Court does not find, any waiver of sovereign immunity for such a claim. It is Barry's burden to demonstrate that the United States has waived sovereign immunity. *Wright v. New Jersey/Dep't of Educ.*, 115 F. Supp. 3d 490, 495 (D.N.J. 2015). Because there is no waiver of sovereign immunity, this claim is **DISMISSED** as to the United States.

Second, Defendants argue this claim should be dismissed for failure to state a claim. (ECF No. 11-1 at 5.) The Court finds no private cause of action, and Barry points to none, for the production of "oaths, qualifications, and bonds." Barry cites to "*Ryder v. United States*" for the proposition that he has "a right to request oaths, qualifications and bonds of all agents." (ECF No. 1 ¶ 21.) However, he does not provide the Court with a full citation to this case and there are numerous *Ryder v. United States* cases. It is Barry's "obligation to provide the grounds of his entitle[ment] to relief." *Twombly*, 550 U.S. at 555 (citation omitted). Accordingly, Defendants' Motion to Dismiss the "oaths, qualifications, and bonds" claim is **GRANTED**.

### 2. Barry's Request to Remove all Liens, Levies, Garnishments and Cease and Desist any Further Collection or Investigations

Barry argues Defendants acted "outside of the scope of authority" because they were not qualified or have not established they were qualified to issue liens, levies, and garnish assets. (ECF No. 13 at 4.) Defendants argue Barry's claim to remove all liens, levies, and garnishments against him and to cease and desist any further investigations is barred by the Tax Anti-Injunction Act. (ECF No. 11-1 at 5.)

The Tax Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). "The purpose of the Act is to permit the government to assess and collect taxes it determines to be owed, without judicial intervention." *Tecchio v. United States*, 153 F. App'x 841, 843 (3d Cir. 2005) (citing *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)). "Section 7421 applies not only the assessment and collection of the actual tax, but to activities relating to the assessment or collection of taxes." *Id.* (citation omitted). Taxes can "be challenged only after they are paid, by suing for a refund." *Lamb v. United States*, No. 13-6526, 2014 WL 3547737, at *4 (D.N.J. July 24, 2014).

Here, the Complaint indicates Barry has not yet paid his tax liability which forms the basis of his Complaint. As such, this suit was brought in violation of the Tax Anti-Injunction Act. Because the Court lacks subject matter jurisdiction to hear this action, Defendants' Motion to Dismiss this claim is **GRANTED**.[1] *See id.* at 5.

---

[1] The Court also notes there is no waiver of sovereign immunity for this claim much like the "Oaths, Qualifications, and Bonds" claim.

### 3. Due Process

Barry argues his "due process rights have been violated." (ECF No. 1 ¶ 32.) The Complaint does not identify the specific due process violations. However, it appears Barry contends Defendants were not qualified to assess and collect taxes, and therefore, the collection efforts they took to collect taxes violated his rights. (*See* ECF No. 1.) Defendants argue Barry's due process claim should be dismissed against the United States based on sovereign immunity. (ECF No. 11-1 at 7.) As to the Present Defendants, Defendants argue that to the extent the Complaint "brings claims for damages against [them] in their official capacities, such claims must fail because they are treated as claims against the United States." (*Id.* at 8.) Lastly, as to the Present Defendants in their personal capacities, Defendants argue the Complaint should be dismissed for three reasons. "First, there is no recognized cause of action, because the Third Circuit has declined to extend *Bivens* claims in this context." (*Id.*) Second, the Present Defendants are entitled to qualified immunity. (*Id.*) Third, the Complaint fails to allege facts sufficient to state a claim. (*Id.*)

The due process claim must be dismissed on sovereign immunity grounds against the United States. The United States, as a sovereign, is immune from suit unless it has consented to be sued. *F.D.I.C.*, 510 U.S. at 475. The United States has waived its sovereign immunity under 26 U.S.C. § 7433(a), and its waiver is limited to actions seeking damages in connection with any collection of tax that involves the reckless, intentional, or negligent disregard of any provision or regulation under the Internal Revenue Code. This waiver is explicitly limited to damages against the United States for injuries caused by the wrongful collection of federal taxes and must be read narrowly. *Bullock*, 602 F. App'x at 60-61; *Slutter*, 2012 WL 5960837, at *4.

The alleged failure to turn over "oaths, qualifications, and bonds" cannot be the basis for a § 7433 injury or claim, as it does not give rise to a claim for intentional, reckless or negligent

violation of the IRS. Barry has not alleged any reckless, intentional, or negligent collection violations or whether Defendants violated any portion of the IRS. Moreover, "the United States nor its agencies have waived sovereign immunity for constitutional claims." *Mierzwa v. United States*, 282 F. App'x 973, 977 (3d Cir. 2008) (citation omitted). Accordingly, Barry's due process claim is **DISMISSED with prejudice** as to the United States.

The due process claim against the Present Defendants in their official capacity must also be dismissed because they are treated as claims against the United States. Sovereign immunity extends to federal agents or employees acting in their official capacities. *Webb v. Desan*, 250 Fed. Appx. 468, 471 (3d Cir. 2007). "[N]either the United States not its agencies—and employees who act on behalf of those agencies—have waived sovereign immunity for constitutional claims under § 1983." *Id.* (citations omitted). Barry's due process claim against the Present Defendants, in their official capacity, is **DISMISSED with prejudice** as they are entitled to sovereign immunity.

The due process claim against the Present Defendants in their individual capacity must also be dismissed because they are entitled to qualified immunity. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Montanez v. Thompson*, 603 F.3d 243, 249-50 (3d Cir. 2010) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson*, 555 U.S. at 231. This doctrine provides a government official immunity from suit rather than a mere defense from liability. *Id.* Qualified immunity will not, however, act

as a shield for "the official who knows or should know he is acting outside the law." *Butz v. Economou*, 438 U.S. 478, 506–07 (1978).

To determine whether the Individual Defendants are entitled to qualified immunity, the Court must undertake a two-step inquiry:

> First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was clearly established at the time of a defendant's alleged misconduct. Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right.

*Pearson*, 555 U.S. at 232 (citations omitted).

The Court must examine whether Barry has stated a claim for a constitutional violation and whether the constitutional right was clearly established. Barry's allegations and claims against the Present Defendants are unclear. He fails to allege specific acts that might violate clearly established constitutional rights of which a reasonable person would have known. Instead, he alleges the IRS employees exchanged correspondences, made assessments, and collected taxes in the course of their official duties. As such, the Present Defendants are entitled to qualified immunity and therefore, Barry's due process claim against the Present Defendants in their individual capacity is **DISMISSED without prejudice**.

### 4. Claim to Return all Funds

Barry's Complaint seeks an order to "return all funds" collected from him by the IRS because the IRS allegedly did not have the authority to collect it. (ECF No. 1 at 9.) Defendants argue this claim must be dismissed because Barry "fails to identify a waiver of sovereign immunity" and because he did not file an administrative claim with the IRS. (ECF No. 11-1 at 10-11.)

"To bring a claim under § 7433(a), a taxpayer must exhaust the administrative remedies set forth in § 7433(d)." *Hassen v. Gov't of Virgin Islands*, 861 F.3d 108, 111 (3d Cir. 2017). Here Barry has failed to allege he filed an administrative claim. Accordingly, Defendants' Motion to Dismiss this claim is **GRANTED**.

### 5. FOIA Claim

Barry's Complaint also asks the Court to "Order the [IRS] to Respond to [his] FOIA request." (ECF No. 1 at 9.) Defendants argue this claim must be dismissed because Barry has not exhausted his administrative remedies and because he has failed to state a claim for FOIA. (ECF No. 11-1 at 11.) The Court agrees with Defendants.

Here, the Complaint alleges Barry sent a FOIA request to the IRS, which was denied. (ECF No. 1 ¶¶ 14, 19.) He does not, however, allege whether he appealed that denial. A requesting individual must appeal an adverse determination to the head of the agency before filing suit in federal court. *McDonnell v. United States*, 4 F.3d 1227, 1236 (3d Cir. 1993) (citing 5 U.S.C. § 552(a)(4), (6)(A)(ii); *Dettman v. Department of Justice*, 802 F.2d 1472, 1476–77 (D.C. Cir. 1986) (FOIA lawsuit subject to dismissal for lack of subject matter jurisdiction if plaintiff fails to timely exhaust administrative remedies)). Accordingly, Defendants' Motion to Dismiss this claim is **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above, the United States Motion to Intervene is **GRANTED** and Defendants' Motions to Dismiss is **GRANTED** (ECF No. 11). All claims against the United States are **DISMISSED** with prejudice. The due process claim against the Present Defendants in their official capacity is also **DIMISSED with prejudice**. All other claims are **DISMISSED without**

**prejudice**. The matter is marked **CLOSED**.[2] Barry may file an amended complaint by October 2, 2019.

Date: September 11, 2019                              */s/ Brian R. Martinotti*
                                                      **HON. BRIAN R. MARTINOTTI**
                                                      **UNITED STATES DISTRICT JUDGE**

---

[2] Barry's motions for default judgment (ECF No. 9) and "to Claim and Exercise Constitutionally Secured Rights and Require the Presiding Judge to Rule Upon this Motion and Compel all Public Officers of this Court to Uphold Said Rights Pursuant to Their Oaths to the Constitution if the United States of America" (ECF No. 14) are **DISMISSED** as **MOOT**.